**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-6363**

———————

UNITED STATES OF AMERICA,

              Petitioner - Appellee,

       v.

ROBERT DAVID JORDAN,

              Respondent - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:13-hc-02153-BR)

———————

Submitted:  November 25, 2014          Decided:  January 8, 2015

———————

Before WYNN and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, R. A. Renfer, Jr., Michael G. James, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert David Jordan appeals the district court's order committing him as a sexually dangerous person under the Adam Walsh Child Protection and Safety Act of 2006 (the "Adam Walsh Act"), 18 U.S.C. §§ 4247-4248 (2012). Jordan argues that the district court erred in finding that he would have serious difficulty in refraining from child molestation if released. We affirm.

The Adam Walsh Act allows for the civil commitment of sexually dangerous individuals following the expiration of their federal prison sentences. To civilly commit an individual as sexually dangerous, the Government must prove by clear and convincing evidence that the individual: "(1) 'has engaged or attempted to engage in sexually violent conduct or child molestation' . . . ; (2) currently 'suffers from a serious mental illness, abnormality, or disorder'; and (3) as a result of the illness, abnormality, or disorder, 'would have serious difficulty in refraining from sexually violent conduct or child molestation if released.'" United States v. Heyer, 740 F.3d 284, 291-92 (4th Cir. 2014) (quoting 18 U.S.C. §§ 4247(a)(5)-(6)).

On appeal, Jordan does not dispute that he meets the first two criteria for civil commitment in that he has engaged in child molestation in the past and presently suffers from a

serious mental illness, abnormality, or disorder.  He contends, however, that the district court erred in finding that he would have serious difficulty in refraining from child molestation if released.  Specifically, he argues that, in making its findings, the court improperly minimized Jordan's seven months of sex offense-free behavior while on supervised release; failed to consider the testimony of his expert, Dr. Joseph J. Plaud, that Jordan's strange behavior was attributable to a generalized anxiety disorder rather than indicative of an inability to control his sexual conduct; and erroneously found that he did not actively participate in sex offender treatment.

We review the district court's factual findings for clear error and its legal conclusions de novo.  United States v. Perez, 752 F.3d 398, 404 (4th Cir. 2014).  When the district court's findings are based on its assessment of conflicting expert testimony, we are especially reluctant to set aside the district court's determinations.  Heyer, 740 F.3d at 292.  We will not reverse the district court's holding on the serious difficulty prong unless our review leaves us "with the definite and firm conviction that a mistake has been committed."  United States v. Antone, 742 F.3d 151, 165 (4th Cir. 2014) (internal quotation marks omitted).

"The question of whether a person is sexually dangerous is by no means an easy one . . . . In the end,

3

however, it is for the factfinder to decide among reasonable interpretations of the evidence and determine the weight accorded to expert witnesses." United States v. Hall, 664 F.3d 456, 467 (4th Cir. 2012) (internal quotation marks omitted). The serious difficulty prong of sexual dangerousness "refers to the degree of the person's volitional impairment, which impacts the person's ability to refrain from acting upon his deviant sexual interests." Id. at 463 (internal quotation marks omitted). The determination of a particular individual's risk of recidivism may rely not only on actuarial tests, but also on factors such as the individual's age, his participation in treatment, his ability to control his impulses, and his commitment to controlling his behavior. Id. at 464. Also relevant are an individual's resistance to treatment, continuing "deviant sexual thoughts," and "cognitive distortions and thinking errors about the appropriateness of children as sexual partners." United States v. Wooden, 693 F.3d 440, 462 (4th Cir. 2012).

Our review of the record leads us to conclude that the district court did not err. The court thoroughly described the evidence and credited the testimony and reports of Drs. Manuel Gutierrez, Mark Hastings, and Gary Zinik over those of Dr. Plaud, explaining its weighing of the experts' opinions, its reasons for finding Dr. Plaud's opinion less persuasive than the

4

other experts, and its consideration of the other evidence in the case. The court's conclusion that Jordan is a sexually dangerous person finds ample support in the record.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED